```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEITH RUSSELL JUDD,**

    **Petitioner**

v.                    //        CIVIL ACTION NO. 1:11CV93
                                (Judge Keeley)

**SECRETARY OF STATE OF WEST VIRGINIA,**
**STATE OF WEST VIRGINIA,**

    **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 9, 2011, the pro se petitioner, inmate Keith Russell Judd ("Judd"), filed a complaint pursuant to 42 U.S.C. § 1983 (dkt. no. 1) and a Motion for Waiver of Fees and Costs (dkt. no. 2), alleging that he is being unconstitutionally denied his right to vote and to run for presidential office. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2.

On June 20, 2011, Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R") in which he recommended that the petitioner's Motion for Waiver of Filing Fees and Costs be denied and his complaint be dismissed without prejudice. (Dkt. No. 6). Pursuant to 28 U.S.C. § 1915(g), Magistrate Judge Seibert determined that Judd is not entitled to proceed without prepayment of fees or costs because he has filed at least three civil actions that are frivolous, malicious, or failed to state a claim upon

**JUDD v. SECRETARY OF STATE OF WEST VIRGINIA ET AL**     **1:11CV93**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

which relief can be granted.*

Judd filed objections to Magistrate Judge Seibert's R&R on July 12, 2011. He argues that because he is pursuing a class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure, he is not subject to the filing restrictions of the Prison Litigation Reform Act ("PLRA"). He further argues that requiring him to pay filing fees abridges the Twenty-Fourth Amendment to the United States Constitution. After conducting a de novo review, the Court concludes that both of these objections are without merit.

The PLRA applies to "civil action[s] or appeal[s]" filed by prisoners. 28 U.S.C. § 1915(a)(2). There is no authority for exempting cases from the PLRA's requirements simply because they are styled as "class actions." Cf. Lilly v. Ozmint, No. 2:07-1700-JFA-RSC, 2007 WL 2021874, at *1 (D.S.C. July 6, 2007) (applying PLRA to case brought by prisoner and purporting to be class action). Judd's first objection is, accordingly, **OVERRULED**.

Judd's second objection, that the application of the PLRA to

---

* The Prisoner Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes" provision.

**JUDD v. SECRETARY OF STATE OF WEST VIRGINIA ET AL          1:11CV93**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

his case violates the Twenty-Fourth Amendment, similarly finds no support in the text of the Amendment or any pertinent case law. There is simply no authority for extending the protections of the Twenty-Fourth Amendment to court filing fees. As such, Judd's second objection is also **OVERRULED**.

As Magistrate Judge Seibert noted in his R&R, Judd is a vexatious and prolific litigant who has filed as many as 875 actions in United States federal courts around the country since 1993. Numerous courts have barred him from further filings under the "three strikes" provision of 28 U.S.C. § 1915(g). See, e.g., Judd v. Lappin, No. 04-5337, 2004 WL 3019537 (D.C. Cir. Dec. 30, 2004) (per curiam). As Judd has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and he has not otherwise alleged that he is under imminent danger of serious physical injury, Magistrate Judge Seibert correctly recommended that the instant suit be dismissed. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g).").

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety

3

**JUDD v. SECRETARY OF STATE OF WEST VIRGINIA ET AL**          **1:11CV93**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

>    (dkt. no. 6);
>
> 2. **DENIES** the petitioner's Motion for Waiver of Filing Fees and Costs (dkt. no. 2);
>
> 3. **DENIES** the petitioner's Motion for Total Waiver of Filing Fees Under the Twenty-Fourth Amendment (dkt. no. 7);
>
> 4. **DENIES** the petitioner's Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation (dkt. no. 10);
>
> 5. **DENIES** the petitioner's Motion for Waiver of Filing Fees and Costs on Appeal pursuant to Fed. R. App. P. 24 (dkt. no. 13); and
>
> 6. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed in forma pauperis from the United

**JUDD v. SECRETARY OF STATE OF WEST VIRGINIA ET AL**                    **1:11CV93**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: January 18, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE